**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0847-19T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

REINIS GURVICS,

     Defendant-Appellant.

_____

> Submitted October 21, 2020 – Decided November 18, 2020
>
> Before Judges Whipple and Rose.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 09-01-0224.
>
> Michael Pastacaldi, attorney for appellant.
>
> Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant, Reinis Gurvics, appeals from an October 2, 2019, order reinstating his conviction on remand and denying an evidentiary hearing on his requested post-conviction relief (PCR).

On October 29, 2010, defendant, a permanent resident of the United States who was born in Latvia, plead guilty to one count of third-degree possession with the intent to distribute a controlled dangerous substance (CDS), heroin, within 1,000 feet of a school zone, N.J.S.A. 2C:35-7. During his plea colloquy, defendant was asked if he "would have given the [CDS] to somebody else[.]" While defendant initially answered "no," upon further questioning, defendant admitted he intended to distribute the CDS.

First, the plea judge asked defendant if he could read and write in English and defendant answered "yes." Next, the judge asked defendant if he was a United States citizen, and defendant testified he was not a citizen, but did have a green card. Because of this, the judge informed defendant he could be subject to deportation as a result of the guilty plea. At that point, counsel interjected and told the judge he had discussed the issue with defendant. Further, defendant checked off question seventeen-(c) on his plea form, indicating he was aware he could potentially be deported. And ultimately, defendant testified he understood the plea agreement.

2

The court sentenced defendant on February 4, 2011. Prior to the hearing, the State reported to the judge that defendant disputed the version of events contained in the presentence report, saying: "[s]ome part I do remember, some part I don't remember. I was intoxicated on beer and weed." However, during the sentencing hearing, defendant reaffirmed the factual basis he previously provided.

After the hearing, defendant was sentenced to two years' probation and successfully completed his sentence. On April 25, 2018, defendant filed a petition for PCR and a motion to withdraw his guilty plea, because his conviction prompted the Department of Homeland Security to file removal proceedings on August 24, 2016. See 8 U.S.C. § 1227(a)(2)(A)(iii).

Defendant submitted two certifications in support of his PCR petition. In the first certification, dated April 19, 2018, defendant asserted his plea hearing counsel was ineffective because his attorney did not advise him of the immigration consequences that arise from a guilty plea. In the second certification, dated September 30, 2018, defendant contended his trial attorney told him that his co-defendant had given a statement implicating defendant, but his attorney was actually incorrect. Defendant claimed he relied on his lawyer's representation, regarding his co-defendant, in deciding to accept the plea deal

and otherwise would not have pled guilty. Defendant also claimed that he was never advised that he was entitled to a Latvian interpreter and his trial lawyer rushed through the plea forms, which he had difficulty understanding. He asked the PCR court to grant his petition and vacate the conviction, so the matter could be restored to the trial calendar.

The PCR judge denied defendant's ineffective assistance of counsel claim, finding defendant's claims of ineffective assistance were "mere bald assertions" that did not require an evidentiary hearing. The judge also rejected defendant's assertion that he could not understand the proceedings at the time of his plea without a Latvian interpreter. However, the court did grant defendant's plea withdrawal motion.

The State moved for leave to appeal, which we granted. Defendant did not appeal the denial of his PCR petition.

Subsequently, we reversed, concluding the December 5, 2018, order granting defendant's motion to withdraw his plea was clearly erroneous and an abuse of discretion, because the evidence presented on the motion, considered in light of the controlling legal standards, did not warrant a grant of such relief. We remanded defendant's case to the trial court in order to reinstate the conviction, consistent with our opinion.

A-0847-19T4

On remand, defendant argued to the court that he was now entitled to an evidentiary hearing on his PCR claim. But the judge disagreed, pointing to the narrow parameters of the remand order. Therefore, the trial court reinstated defendant's conviction and sentence, while denying his request for an evidentiary hearing. This appeal followed.

Defendant raises the following issue on appeal:

> POINT I: THE [TRIAL] COURT ERRED IN DENYING PETITIONER'S [PCR] AND REQUEST FOR AN EVIDENTIARY HEARING.

And defendant raises the following issue in his reply brief:

> POINT I: THE RESPONDENT'S ARGUMENT THAT THE REMAND PCR COURT WAS PRECLUDED FROM GRANTING AN EVIDENTIARY HEARING IS INCORRECT.

Here, the scope of our remand was tailored to reinstating the conviction. Indeed, defendant did not appeal the denial of his PCR petition when the State sought leave to appeal the motion to vacate his plea. For this reason, we did not address the PCR on the merits and specifically noted that a PCR petition was separate from a motion to withdraw a guilty plea. And even though there may be overlap between the two requests, "the court must nonetheless view the applications separately, and must avoid conflating the two." State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014).

5

That being so, because we did not have the opportunity to address the merits of defendant's PCR claims, and his conviction is now reinstated, he is free to pursue additional, viable and timely PCR efforts.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0847-19T4